IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DONNA K. SOUTTER, For herself and on behalf of all similarly situated individuals,**

       **Plaintiff,**

      v.                    Civil Action No.:  3:09CV695

**EXPERIAN INFORMATION SOLUTIONS, INC.,**

       **Defendant.**

### DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to Plaintiff's Complaint ("Complaint"), states as follows:

Experian denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below.  In response to the numbered paragraphs in the Complaint, Experian states as follows:

### INTRODUCTION

1.     Plaintiff Donna K. Soutter ("Plaintiff") purports to bring claims against Defendant, on behalf of herself and similarly situated individuals, pursuant to the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*  Experian states that these are legal conclusions, which are not subject to denial or admission.  Experian denies that this matter may be maintained as a class action. Experian denies the factual allegations contained in paragraph 1 of the Complaint. Experian denies that it is liable to Plaintiff for the requested relief under the FCRA or for any relief whatsoever.

## JURISDICTION

2. In response to paragraph 2 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction pursuant to 15 U.S.C. § 1681(p), 28 U.S.C. §§1367 and 1331. Experian states that this is a legal conclusion which is not subject to admission or denial. Except as specifically admitted, Experian denies the remaining allegations in paragraph 2 of the Complaint.

3. Experian admits that Plaintiff has alleged that the venue is proper under 28 U.S.C. 1391(b). Experian states that this is a legal conclusion, which is not subject to denial or admission. Experian admits that it is authorized to do business, and that it does business in the Commonwealth of Virginia. Experian admits that its registered agent in Virginia resides in Richmond. Except as specifically admitted, Experian denies the remaining allegations in paragraph 3 of the Complaint.

## PARTIES

4. In response to paragraph 4 of the Complaint, upon information and belief, Experian admits that Plaintiff resides in the Commonwealth of Virginia. Whether Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) is a legal conclusion, which is not subject to denial or admission. Except as specifically admitted, Experian denies the remaining allegations in paragraph 4 of the Complaint.

5. In response to paragraph 5 of the Complaint, Experian admits that it is a foreign corporation. Experian further admits that it is authorized to do business, and that it does business in the Commonwealth of Virginia. Except as specifically admitted, Experian denies the remaining allegations in paragraph 5 of the Complaint.

6. In response to paragraph 6 of the Complaint, Experian admits that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). Except as specifically admitted, Experian denies the remaining allegations in paragraph 6 of the Complaint.

## FACTS

7. In response to paragraph 7 of the Complaint, Experian admits that Plaintiff contacted Experian on December 30, 2008, to request an investigation of a Richmond City General District Court civil judgment. Except as specifically admitted, Experian denies the remaining allegations in paragraph 7 of the Complaint.

8. Experian denies the allegations contained in paragraph 8 of the Complaint. Experian admits that Plaintiff contacted Experian on December 30, 2008, by mail, to request an investigation of a Richmond City General District Court civil judgment. Experian admits that Plaintiff included a copy of an order from the City of Richmond General District Court. Except as specifically admitted, Experian denies the remaining allegations in paragraph 8 of the Complaint.

9. In response to paragraph 9 of the Complaint, Experian admits that Plaintiff contacted Experian on December 30, 2008, by mail, to request an investigation of a Richmond City General District Court civil judgment. Except as specifically admitted, Experian denies the remaining allegations contained in paragraph 9 of the Complaint.

10. In response to paragraph 17 of the Complaint, Experian admits that after receiving Plaintiff's December 30, 2009 letter, Experian conducted an investigation of Richmond City General District Court # 763GV0703418200. Experian admits that on January 8, 2009, Experian sent Plaintiff the results of its investigation in report number, 3036702687. Experian admits that

it updated the reporting from the Richmond City General District Court. Except as specifically admitted, Experian denies the remaining allegations contained in paragraph 10 of the Complaint.

11. Experian denies the allegations contained in paragraph 11 of the Complaint.

12. Experian denies the allegations contained in paragraph 12 of the Complaint.

13. In response to paragraph 13 of the Complaint, Experian admits that it published consumer reports about Plaintiff within the two years preceding the filing of this action. Except as specifically admitted, Experian denies the remaining allegations contained in paragraph 13 of the Complaint.

14. In response to paragraph 14 of the Complaint, Experian admits that plaintiff provided a copy of an order from the City of Richmond General District Court. Except as specifically admitted, Experian denies the allegations contained in paragraph 14 of the Complaint.

15. Experian denies the allegations contained in paragraph 15 of the Complaint.

16. In response to paragraph 16 of the Complaint, Experian admits that it published consumer reports about the plaintiff to third parties. Except as specifically admitted, Experian denies the allegations contained in paragraph 16 of the Complaint.

## CLASS ACTION ALLEGATIONS

17. Experian admits that Plaintiff brings this action behalf of herself and on behalf of a class. Experian denies that this matter may properly be maintained as a class action against Experian. Except as specifically admitted, Experian denies the allegations contained in paragraph 17 of the Complaint.

18. Experian admits that Plaintiff claims the numerosity requirement of 23(a)(1) is present and satisfied. This is a legal conclusion which is not subject to admission or denial.

Experian denies that that this matter may properly be maintained against Experian as a class action. Except as specifically admitted, Experian denies the remaining allegations contained in paragraph 18 of the Complaint.

19. Experian admits that Plaintiff claims that the existence and predominance of common questions of law and fact requirement of 23(a)(2) is present and satisfied. This is a legal conclusion which is not subject to admission or denial. Experian denies that this matter may be properly maintained against Experian as a class action. Except as specifically admitted, Experian denies the remaining allegations contained in paragraph 19 of the Complaint.

20. Experian admits that Plaintiff claims the typicality requirement of 23(a)(3) is present and satisfied. This is a legal conclusion which is not subject to admission or denial. Experian denies that this matter may properly be maintained against Experian as a class action. Except as specifically admitted, Experian denies the remaining allegations contained in paragraph 20 of the Complaint.

21. Experian admits that Plaintiff claims the adequacy requirement of 23(a)(4) is present and satisfied. This is a legal conclusion which is not subject to admission or denial. Experian denies that this matter may properly be maintained against Experian as a class action. Except as specifically admitted, Experian denies the remaining allegations contained in paragraph 21 of the Complaint.

22. Experian admits that Plaintiff claims the superiority requirement of 23(b)(3) is present and satisfied. This is a legal conclusion which is not subject to admission or denial. Experian denies that this matter may properly be maintained against Experian as a class action. Except as specifically admitted, Experian denies the allegations contained in paragraph 22 of the Complaint.

23. Experian admits that Plaintiff claims that injunctive relief is appropriate pursuant to 23(b)(2). This is a legal conclusion which is not subject to admission or denial. Experian denies that this matter may properly be maintained as a class action. Except as specifically admitted, Experian denies the remaining allegations in paragraph 23 of the Complaint.

**COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i(a)**
**CLASS CLAIM**

24. Experian incorporates its responses to the allegations contained in paragraphs 1 – 23 as if fully set forth herein.

25. Experian denies that it has harmed the Plaintiff either willfully, negligently, or otherwise, as alleged in paragraph 25 of the Complaint.

26. Experian denies that it is liable to the Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 26 of the Complaint. Experian further denies the remaining allegations in paragraph 26 of the Complaint.

26. Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph 26 of the Complaint. Experian further denies the remaining allegations in paragraph 26 of the Complaint.

27. Experian denies that Plaintiff is entitled to recover from Experian any damages, costs or fees, as alleged in paragraph 27 of the Complaint. Experian denies that Plaintiff is entitled to recover any relief whatsoever. Experian further denies the remaining allegations in paragraph 27 of the Complaint.

**COUNT TWO : VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681e(b)**
**CLASS CLAIM**

28. Experian incorporates its responses to the allegations contained in paragraphs 1 – 27 as if fully set forth herein.

29. Experian denies the allegations contained in paragraph 29 of the Complaint.

30. Experian denies that it has harmed the Plaintiff either willfully, negligently, or otherwise, as alleged in paragraph 30 of the Complaint. Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph 30 of the Complaint. Experian further denies the remaining allegations in paragraph 30 of the Complaint.

31. In response to Plaintiff's "WHEREFORE" clause, Experian denies that it is liable to Plaintiff for the requested relief under the FCRA or for any relief whatsoever.

32. Experian denies any allegation contained in the Complaint that is not expressly admitted by Experian.

## AFFIRMATIVE DEFENSES

Experian hereby sets forth the following affirmative defenses to the Complaint.

### FIRST AFFIRMATIVE DEFENSE
(Failure To State A Claim)

Plaintiff's claims fail to the extent that the Complaint, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE
(Truth/Accuracy Of Information)

Plaintiff's claims fail to the extent that they are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### THIRD AFFIRMATIVE DEFENSE
**(Compliance/Good Faith)**

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, Experian acted in good faith and complied fully with the FCRA and relevant state laws.

### FOURTH AFFIRMATIVE DEFENSE
**(Intervening Superseding Cause)**

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which Experian continues to deny, were the results of acts or omissions of third persons over whom Experian had neither control nor responsibility.

### FIFTH AFFIRMATIVE DEFENSE
**(Proximate Cause)**

Plaintiff's claims fail to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others.

### SIXTH AFFIRMATIVE DEFENSE
**(Punitive Damages)**

Plaintiff's claim for punitive damages fails to the extent that the Complaint fails to state a claim for relief for punitive damages. Additionally, Experian states that punitive damages violate its constitutional rights under the Constitution of the United States of America and the Constitution of Virginia.

### SEVENTH AFFIRMATIVE DEFENSE
**(Impropriety As A Class Action)**

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 because, among other reasons, Plaintiffs' claim is not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiffs' claim

and any claims of putative class members; the named Plaintiffs and their counsel are unable to fairly and adequately protect the interests of putative class members; and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action.

### EIGHTH AFFIRMATIVE DEFENSE
### (Indemnification/Acts of Third Parties)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiffs and putative class members are the result of the acts or omissions of third persons over whom Experian had neither control nor responsibility and/or from Experian might be entitled to indemnification.

### NINTH AFFIRMATIVE DEFENSE
### (Sixth Amendment)

Maintenance of this action as a class action is impermissible to the extent that it would violate Experian's right to confront the witnesses against it as provided in the Sixth Amendment to the United States Constitution.

### TENTH AFFIRMATIVE DEFENSE
### (Venue)

Experian objects to the extent that this case has been brought in the wrong court and/or division pursuant to 28 U.S.C. §§ 1391 et seq. and Rule 3 of the Rules of the United States District Court for the Eastern District of Virginia.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Right To Assert Additional Defenses)

Experian reserves the right to assert additional affirmative defenses as such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)  For costs of suit and attorneys' fees herein incurred; and

(3)  For such other and further relief as the Court may deem just and proper.

**EXPERIAN INFORMATION SOLUTIONS, INC.**

By: /s/ David N. Anthony
David N. Anthony
Virginia State Bar No. 31696
*Attorney for Experian Information Solutions, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone: (804) 697-5410
Facsimile:  (804) 698-5118
Email:  david.anthony@troutmansanders.com

Joseph W. Clark
Virginia State Bar No. 42664
*Attorney for Experian Information Solutions, Inc.*
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700
Email:  jwclark@jonesday.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of January, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

> Leonard Anthony Bennett
> Consumer Litigation Assoc PC
> 12515 Warwick Blvd, Suite 100
> Newport News, VA 23606
> 757-930-3660
> 757-930-3662 (fax)
> lenbennett@cox.net
> *Counsel for Plaintiff Donna K. Soutter*
>
> Matthew James Erausquin
> Consumer Litigation Associates PC
> 1800 Diagonal Road, Suite 600
> Alexandria, VA  22314
> 703-273-6080
> 888-892-3512 (fax)
> matt@clalegal.com
> *Counsel for Plaintiff Donna K. Soutter*

>                 /s/David N. Anthony
>                 David N. Anthony
>                 Virginia State Bar No. 31696
>                 *Attorney for Experian Information Solutions, Inc.*
>                 TROUTMAN SANDERS LLP
>                 1001 Haxall Point
>                 Richmond, Virginia  23219
>                 Telephone No.: (804) 697-5410
>                 Facsimile No.:  (804) 698-5118
>                 Email:  david.anthony@troutmansanders.com

1895693v1